

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2007

# Gunawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4122

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gunawan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1499.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1499

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4122

RIZAL GUNAWAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review from a Final Order of the
Board of Immigration Appeals
(Agency No. A96-257-463)
Immigration Judge: Miriam K. Mills

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2007

BEFORE: SLOVITER and AMBRO, <u>Circuit Judges</u>,
and THOMPSON*, <u>District Judge</u>

(Filed:  March 12, 2007)

---

\*      Honorable Anne E. Thompson, United States District Judge for the District of New
        Jersey, sitting by designation.

## OPINION

THOMPSON, <u>District Judge</u>.

Rizal Gunawan petitions for review of an order of the Board of Immigration Appeals ("BIA"), which adopted and affirmed an Immigration Judge's ("IJ") order denying Petitioner's application for asylum and withholding of removal pursuant to the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT"). For the reasons stated below, we will deny the petition.

## I.

Because we write solely for the benefit of the parties, we recite only those facts necessary to our analysis. Petitioner is a native and citizen of Indonesia, of Chinese ethnicity, admitted to the United States on or about February 4, 2001, as a non-immigrant with authorization to remain until August 3, 2001. He remained beyond that date without permission from the U.S. On April 21, 2003, he was served with a Notice to Appear charging him with removability under Section 237(a)(1)(B) of the INA for remaining in the U.S. longer than permitted. Petitioner requested a grant of asylum, withholding of removal, and in the alternative, voluntary departure. Though protection under the CAT was not discussed by the Immigration Judge, the BIA noted its inapplicability.

Petitioner claims he was persecuted in Indonesia on account of his Christian Chinese identity and that he suffered harm in Indonesia in the form of three robberies by

2

natives. One incident occurred in 1994, while he was in junior high school, when he was punched and his bike was stolen. The second incident occurred in 1998 when several Islamic school students tried to seize his motorbike and demanded money. The third incident occurred in 1999 when he was robbed at knife point, while on his motorbike. He also described being threatened at one point by a knife-wielding native Indonesian who seized his watch and money.

Petitioner recounted knowledge of rioting in Indonesia when ethnic Chinese were victimized. There were also reports of church bombings, which Petitioner contended instilled fear in him. Petitioner admitted that when he left Indonesia, he had no intention of returning to his native country. However, he failed to timely file for asylum and overstayed his visa by a year before filing. The IJ found that the country conditions in Indonesia had shown improvement in Chinese-Indonesian relations. Furthermore, Petitioner's fears of harm were discredited by the fact that his family members (mother and two brothers) remain in Indonesia unharmed. Thus, the IJ concluded that Petitioner failed to show by a preponderance of the evidence that he would be harmed if he returned to Indonesia on the basis of his ethnicity or his religion.

The BIA adopted and affirmed the IJ's decision, finding Petitioner subject to removal as charged and denying his application for asylum as not timely filed. The BIA concluded that Petitioner's fear of returning to Indonesia lacked a nexus to any of the five bases for refugee status enumerated in 18 U.S.C. § 1101(a)(42). That opinion stated "[t]he evidence does not demonstrate that it is more likely than not that the respondent

3

would be persecuted if he returns to Indonesia thereby making him ineligible for withholding of removal." The BIA's opinion also noted that Petitioner's fears were linked to mistreatment from criminals, not from any government or public official, hence protection under the CAT was not implicated.

Petitioner was granted the privilege of voluntary departure if he departed within the time period specified or any extensions granted. This appeal followed.

## II.

The Court lacks jurisdiction to review the denial of Petitioner's asylum application because the IJ determined it was not filed within the one-year limitations period. 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). The Court does have jurisdiction to review the denial of Petitioner's claim for withholding of removal and relief under the CAT. We review the BIA's decision and the IJ's decision, to the extent it was adopted by the BIA, under the substantial evidence standard. Zhang v. Gonzales, 405 F.3d 150, 1555 (3d Cir. 2003). Factual determinations under the withholding of removal statute and the CAT should be upheld if supported by "reasonable, substantial and probative evidence on the record considered as a whole" and should be overturned where the evidence "is so compelling that no reasonable factfinder could conclude" as the IJ had. Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003) (citations omitted).

For withholding of removal under 8 U.S.C. § 1231(b)(3)(A), an alien must

4

demonstrate "a clear probability" of persecution to avoid deportation. Chang v. INS, 119 F.3d 1055, 1066 (3d Cir. 1997). In other words, an alien must show it is "more likely than not" that because of "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A), he will be subjected to "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Li Wu Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001); Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). For relief under the CAT, an alien must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." August v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005).

Petitioner contends that the IJ erred when she characterized the attacks against him and the police's failure to act as only "discriminatory." We have often stated that random incidents of violence are not persecution warranting withholding of removal under the INA. See, e.g., Lie v. Ashcroft, 396 F.3d 530, 534, 536 (3d Cir. 2001). Though Petitioner contends that the violent attacks against him, without protection or response from the police, were persecutory, he presented only verbal argument that failed to establish the acts were "on account of" his ethnicity. Id. at 535. Substantial evidence supports the conclusion that Petitioner's assailants were petty thieves, motivated by money and not by one of the enumerated grounds. Id. Further, the record lacks any evidence that demonstrates that "the violence or harm perpetrated by civilians" was "committed by the government or forces that the government is either unable or unwilling to control." Id. at 537. Therefore, substantial evidence supports the BIA's conclusion

5

that Petitioner had not sufficiently established that his life or freedom would be threatened upon removal to Indonesia. Accordingly, we will affirm the BIA's denial of withholding of removal.

Further, Petitioner's claim under the CAT also must fail as there is no evidence in the record to compel the conclusion that it is more likely than not that Petitioner will be tortured if returned to Indonesia. Petitioner presented no evidence of government involvement in the assaults he suffered. There was no evidence to show that an Indonesian official knew or acquiesced in the attacks. Accordingly, we will deny the Petition for relief under the CAT as well.

For the foregoing reasons, the petition for review will be denied.

_____